UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

_____
                                   )
PHYLLIS PATRICIA QUEALLY,           )
     Plaintiff,                     )
                                   )
     v.                             )   C.A. No. 10-002-S
                                   )
ESTATE OF DAVID I. HOVISS,          )
     Defendant.                     )
_____)

**OPINION AND ORDER**

William E. Smith, United States District Judge.

Plaintiff Phyllis Patricia Queally filed the present action for a declaratory judgment stating that the mortgage granted to David I. and Catherine A. Hoviss (collectively the "Hovisses") on property previously owned by Queally in the Town of New Shoreham, County of Washington, State of Rhode Island and Providence Plantations, known as Assessors Plat 17 Lot 6, off Connecticut Avenue, Block Island, Rhode Island 02907 (the "Property") is discharged. Before the Court is Queally's motion for entry of default judgment.

On a motion for entry of default judgment, the facts alleged in the complaint are taken as true. Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 62-63 (1st Cir. 2002). Once the clerk enters default, "the Court may grant a judgment in the

plaintiff's favor on all claims supported by 'well-pleaded allegations in [the] . . . Complaint.'" SEC v. Locke Capital Mgmt., Inc., 726 F. Supp. 2d 105, 106 (D.R.I. 2010) (quoting Eisler v. Stritzler, 535 F.2d 148, 153 (1st Cir. 1976)). For the reasons set forth below, the motion is granted.

I. Background

Queally purchased the Property in April of 1994 from the Hovisses, granting a mortgage to them for $93,750.00 that was properly recorded. Queally avers that she paid the mortgage in full on or about April 1, 2004 but that she "did not know she should get a release of the mortgage and did nothing about one until she sold the property." (Compl. ¶ 6.) The Hovisses are now deceased. (Compl. ¶ 11.)

Queally has since sold the property to a third party and agreed to clear the property's title of the mortgage. (Compl. ¶ 7.) She initially prepared an affidavit pursuant to R.I. Gen. Laws § 34-26-8, but a title insurance company deemed it insufficient. (Compl. ¶ 9.)

Queally filed suit in this Court on January 4, 2010 seeking declaratory relief. Specifically, Queally asks the Court to find that the affidavit Queally presented to the title company is sufficient to clear title under R.I. Gen. Laws § 34-26-8.

Alternatively, Queally asks the Court to use its equitable powers to discharge the mortgage.

The Hovisses' only known heir and daughter, Elizabeth Ann Goldschmidt, signed a waiver of the service of summons on February 4, 2010. Although requested to do so, Ms. Goldschmidt did not provide any information regarding other heirs. In a further attempt to locate other heirs, Queally also inquired with the Surrogates Court of Bronx County, New York to determine if an estate or representative was on file because Riverdale, New York was the last known residence of the Hovisses before death. However, there was no estate listed for David Hoviss. A motion for service by publication was granted on September 13, 2010. The notice was published in the Riverdale Press, a newspaper of general circulation in Riverdale, New York. There has been no response to the service by publication.

Thereafter, default entered, Queally filed a motion for default judgment, and this Court held a hearing on the motion.

II. Discussion

    A.   R.I. Gen. Laws § 34-26-8

Queally argues that the Court should find the affidavit provided to the title insurance company sufficient to clear the title of the property notwithstanding the statutory requirement that the mortgagee provide a payoff statement.

Section 34-26-8 allows a title insurer or a licensed attorney to file an affidavit of release of mortgage if the mortgagee fails to file the appropriate release within thirty days of receipt of final payment. § 34-26-8(b). There are eight necessary requirements for the satisfaction of § 34-26-8. See R.I. Gen. Laws § 34-26-8(c) & (e). Queally has not met those requirements because the statute requires a payoff statement and Queally, despite reasonable attempts to acquire one, has been unable to do so.[1]

B. Equity

While the Court lacks an instrument showing that Queally actually made all the payments, Queally has provided the Court with tangible evidence to show that she, in fact, did pay the mortgage in full. Queally and the Hovisses agreed to a ten-year amortization schedule for the mortgage, under which Queally would make one payment annually to the Hovisses. Queally has scoured her files and available records and provided the Court with evidence in various forms for each year to show that she

---

[1] Since meeting the requirements is apparently not possible, Queally implores this Court to construe the statute to accomplish its "clear intent," to provide a remedy for a mortgagor "where the mortgagee neglects or refuses to provide a release and discharge." (Pl.'s Mem. in Supp. of Mot. for Default J. 1.) The Court need not do so as it may discharge the mortgage in the exercise of its equitable powers.

fulfilled her obligation. For 1994, there is a letter from David Hoviss stating that Queally paid $5,891.10 in interest. For 1995, Queally provided her check register. For 1996, 1997, and 1998, Queally provides I.R.S. Form 1040 Schedules E, indicating that she paid $5,105.78, $4,413.49, and $4,044.26 in interest for those three years respectively. For 1999, Queally provides her check register. For 2000, 2001, 2002, and 2003, Queally provides I.R.S. Form 1040 Schedules A, indicating that she paid $3,256.15, $1,784.21, $1,212.89, and $438.62 in mortgage interest for those four years respectively.

Although not ideal, the evidence, when viewed together and as a whole, shows that Queally paid the mortgage in full. Accordingly, the Court finds her allegations to be sufficiently supported, and in the exercise of its equitable powers, declares the mortgage discharged. See Whipple v. R.I. Hosp. Trust Co., 155 A. 587, 587-88 (R.I. 1931)(affirming decree, cancelling mortgage deed and note, on bill of equity).

III. Conclusion

For the aforementioned reasons, Queally's motion for default judgment is GRANTED and the mortgage on the property located at the Town of New Shoreham, County of Washington, State of Rhode Island and Providence Plantations, known as Assessors

Plat 17 Lot 6, off Connecticut Avenue, Block Island, Rhode Island 02907 is hereby DISCHARGED and RELEASED.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date: December 2, 2011